## C. N. DAWES, Plff.,

*v.*

## McCORMICK & COMPANY ET AL., Dfts.

San Juan, Law, No. 1023.

ON MOTION FOR NEW TRIAL.

Motion for New Trial—Damages.

1. Where the court leaves the question of amount of damages to a jury, the amount allowed is not a question of law.

Dawes v. McCormick & Co.

Credibility—Jury.
   2. The question of credibility of two lines of evidence and witnesses
is for the jury.  Whether the court agrees with the jury or not is not
material.  Where credibility is involved it will not interfere with the
conclusion of the jury.

Damages—Amount.
   3. The court usually will decline to interfere with the amount
of damages found by the jury.  There is involved not so much the
question of what the court would allow as of establishing that ver-
dicts will not be lightly disturbed.

Opinion filed February 6, 1915.

_____

Mr. *Jos. Anderson, Jr.,* for plaintiff.

Messrs. *Willis Sweet & Olmedo* for defendants.

HAMILTON, Judge, delivered the following opinion:

A verdict was rendered in this case for $300 in favor of
the plaintiff, and a motion is now made to set this verdict aside
on insufficiency of evidence, and alleging that the verdict is
against the law.

1. No reason appears why it is against the law.  The court
left the question of damages and amount to the jury, and no
reason appears for thinking that the charge of the court was
disregarded.

2. A question in the case was whether the plaintiff had been
arrested or restrained at the instance of the defendants.  The
plaintiff testified one way, and he was contradicted by the
defendant and others.  The question as to which version was
the more credible was for the jury, not for the court, and the
jury believed the plaintiff.  The court does not think that it

should interfere with this conclusion of the jury, even though. the court might reach a different conclusion.

3. Damages to be allowed might arise from the mortification. of the plaintiff, and also from injury to his business. For the former there is no standard, except perhaps in the station in life of the party. As to the latter, there was little evidence. The principal business of the plaintiff seems to have been that of agent for the defendants, but there was some evidence that his business possibilities had been broken up altogether. It may be that the jury gave too much, but that would amount to a. difference of opinion between court and jury as to damages, and this court has always declined to interfere, unless, perhaps, in extreme cases. Quiles y Perez v. Valdez [ante, 485].

There is involved not so much a question of what the court would allow as of establishing that verdicts obtained after careful trial will not be lightly disturbed.

The motion must therefore be denied, and it is so ordered..